# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN D. GREINER,

        Petitioner,     :     Case No. 2:21-cv-2418

  - vs -                           District Judge James L. Graham
                                      Magistrate Judge Michael R. Merz

DAVID W. GRAY, Warden,
 Belmont Correctional Institution,

                                 :
        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by petitioner John Greiner, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 10), and the Return of Writ (ECF No. 11). The Court set a deadline for the filing of a reply to the Return of twenty-one days after the Return was filed and served (Order, ECF No. 4, PageID 36), but Petitioner has never filed a reply.

The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 12).

**Litigation History**

On September 9, 2017, the Muskingum County Grand Jury indicted Petitioner on eight counts of Kidnapping with a sexual motivation specification in violation of Ohio Revised Code § 2905.01(B)(1) (Counts 1, 7, 11, 15, 19, 23, 27, 36); sixteen counts of Rape in violation of Ohio Revised

Code § 2907.02(A)(2) (Counts 2-4, 24-26, 28-34, 37-39), two counts Gross Sexual Imposition in violation of Ohio Revised Code § 2907.05(A)(4)(Counts 5-6); twelve counts of Rape in violation of Ohio Revised Code § 2907.02(A)(1)(b)(Counts 8-10, 12-14, 16-18, 20-22); and two count of Gross Sexual Imposition in violation of Ohio Revised Code § 2907.05(A)(1)(Counts 35 and 40). (Indictment, State Court Record, ECF No. 10, Ex. 1).

On November 9, 2018, Greiner withdrew his former pleas of not guilty and pleaded guilty, pursuant to a plea agreement, to Count 23 – Kidnapping (Amended); Counts 24, 25, 26 - rape; Count 27 – Kidnapping (Amended); Counts 28, 29, 30, 31, 32, 33, 34 and 37 – Rape; and Count 36– Kidnapping (Amended)(State Court Record ECF No. 10, Ex. 3). After merging some counts and dismissing others pursuant to the plea agreement, the trial court sentenced Greiner to eleven years imprisonment on each of four rape counts with the sentences to be served consecutively for an aggregate sentence of forty-four years.

With new counsel, Greiner appealed to the Ohio Fifth District Court of Appeals, asserting that maximum consecutive sentences violated his rights under the Ohio Constitution and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution (Appellant's Brief, State Court Record, ECF No. 10, Exhibit 10). The convictions and sentences were affirmed. *State v. Greiner,* 2019-Ohio-3624 (Ohio App. 5th Dist. Sept, 10, 2019), appellate jurisdiction declined *State v Greiner,* 158 Ohio St. 3d 1505 (2020). Greiner filed an application to reopen his direct appeal under Ohio R. App. P. 26(B) which the Fifth District denied (Judgment Entry, State Court Record, ECF No. 10, Ex. 23). Greiner did not appeal to the Supreme Court of Ohio.

Greiner filed his Petition for Writ of Habeas Corpus in this Court on May 11, 2021 (ECF No. 1). As the Return notes, the Petition is in many parts illegible. The Attorney General reads the Petition as pleading four grounds for relief which are substantially the same, to wit, that the

plea agreement was for guilty pleas to two counts of rape with the eleven years sentences on those counts to be served concurrently. If that is not what Petitioner intended, he has failed to correct Respondent's reading, nor has he sought to amend the Petition.

Respondent asserts Petitioner's four Grounds for Relief are barred by procedural default in that Greiner never presented them to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which

3

> a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

A petitioner can fail to meet procedural requirements in two ways:

> First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.
>
> Second, a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures. If, at the time of the federal

4

> habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.

*Smith v. Warden, Toledo Corr. Inst.*, 2019 U.S. App. LEXIS 18196 * 19 (6th Cir. Jun. 18, 2019), quoting *Lundgren v. Mitchell*, 440 F.3d 754, 806 (6th Cir. 2006)).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)); see also *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

A claim that a pleading felony defendant did not receive the benefit of his plea bargain states a claim for relief in habeas corpus.  Plea agreements are contractual in nature and are therefore interpreted and enforced in accordance with traditional contract law principles.  *United States v.*

5

*Lukse*, 286 F.3d 906, 909 (6th Cir. 2002).  Because of the constitutional and supervisory implications, however, the government is held to a greater degree of responsibility for imprecisions or ambiguities*.*  *United States v. Harris*, 2006 U.S. App. LEXIS 23456 (6th Cir. 2006), *citing United States v. Johnson*, 979 F.2d 396, 399 (6th Cir. 1992).  Once a plea agreement has been interpreted, the burden of proving a breach lies with the party asserting the breach.  *United States v. Harris*, 2006 U.S. App. LEXIS 23456 (6th Cir. 2006), *citing United States v. Smith*, 429 F.3d 410, 420 (6th Cir. 2005).

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement for consideration, such a promise must be fulfilled."  *Santobello v. New York*, 404 U.S. 257 (1971).

When Greiner filed his direct appeal in this case, he did not claim that the prosecutor had not kept his side of the bargain.  Instead he claimed that the sentences imposed violated the United States and Ohio Constitutions in that they violated Ohio sentencing law.  Greiner's sole Assignment of Error reads:

> The trial court unlawfully ordered John Greiner to serve maximum consecutive sentences, in violation of his rights to due process, guaranteed by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

(Appellant's Brief, State Court Record, ECF No. 10, Ex. 10, PageID 96).  Greiner's counsel did not argue that he had agreed on a different sentence, but merely that the trial judge should have imposed a different sentence based on the sentencing factors required to be considered under Ohio law.  *Id.* at PageID 97-98.  Thus any claim that the trial judge or indeed the prosecutor did not comply with the plea bargain was not presented on direct appeal and is therefore procedurally defaulted.

Greiner points to nothing in the appellate record that supports his claim that he did not

receive the benefit of is plea bargain.  If there are facts outside that record that purportedly support that claim, they were required to be presented by way of a petition for post-conviction relief.  But Greiner never initiated such a proceeding.  As Respondent points out, Greiner filed a document that is labeled as a post-conviction petition, but the Fifth District properly construed it as an application to reopen the direct appeal and denied it (Judgment Entry, State Court Record ECF No. 10, Ex. 23).  Greiner's procedural default of this claim is final because the time within which he could have filed a petition for post-conviction relief has expired and the statute of limitations on such petitions is jurisdictional.

In sum, Greiner has stated a claim on which habeas relied could be granted if the claim had been properly presented to the state courts, but it was not and Greiner has not offered any excusing cause and prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 28, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

7

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #